17-4009-cv
*Marrero v. Cote*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of March, two thousand nineteen.

PRESENT:
        PETER W. HALL,
        GERARD E. LYNCH,
           *Circuit Judges,*
        PAUL A. ENGELMAYER,[*]
           *District Judge.*

---

MARIA MARRERO, ADMINISTRATRIX FOR THE
ESTATE OF ERNESTO MORALES,

        *Plaintiff-Appellee,*

    v.                                                                 No. 17-4009-cv

WILLIAM COTE,

        *Defendant-Appellant,*

CITY OF HARTFORD, JAMES ROVELLA, CHIEF, KENNETH MEDINA,
KENNETH LABBE, ROBERT IOVANNA,

        *Defendants.*

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Appearing for *Plaintiff-Appellee*:          MATTHEW D. PARADISI (Michael J. Reilly, *on the brief*), Hartford, CT.

Appearing for *Defendant-Appellant*:         WILLIAM J. MELLEY III, Hartford, CT.

_____

Appeal from an order of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the order entered on November 15, 2017, is **DISMISSED**.

Defendant-Appellant William Cote appeals from an order of the district court denying him qualified immunity. Plaintiff-Appellee Maria Marrero brought this 42 U.S.C. § 1983 lawsuit on behalf of the estate of Decedent Ernesto Morales. Morales was shot and killed by Officer Cote while trying to flee from the police in his automobile. The district court concluded that disputed issues of material fact precluded a grant of qualified immunity to Officer Cote. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's denial of a claim of qualified immunity is an appealable final decision within the meaning of 28 U.S.C. § 1291, notwithstanding the absence of a final judgment, to the extent that such denial turns on an issue of law. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996). However, we "may not . . . entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that

2

the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Salim*, 93 F.3d at 91. On the other hand, where the defendant contends he is entitled to qualified immunity even under plaintiff's version of the facts, we may exercise interlocutory jurisdiction, despite the fact that the district court concluded that material disputes of fact preclude qualified immunity at the summary judgment stage. *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998).

Cote presses several theories for our jurisdiction over this interlocutory appeal. First, he contends that "there exists a question of law as to whether the district court correctly applied a totality of circumstances analysis in ruling that there were disputed issues of material facts." Reply Br. at 1. He also asserts that "[a]nother question of law presented is whether the district court established a factual basis for its legal conclusion that the other officers on [the] scene were not in danger at the time [he] acted." *Id.* at 1–2. Despite Cote's attempt to couch them as "questions of law," his arguments really pertain to the district court's finding that there exists a material dispute of fact, precluding a grant of qualified immunity on summary judgment. *See Salim*, 93 F.3d at 91. Accordingly, Cote's challenges are not immediately appealable and must therefore be dismissed.

We likewise lack jurisdiction to entertain Cote's argument that the law was not clearly established such that he would have known his conduct violated Morales's rights. The district court concluded that *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756 (2d Cir. 2003), clearly established that Cote's conduct, as a jury could find it

3

to have been on the record evidence taken in the light most favorable to the plaintiff, would constitute excessive force under the Fourth Amendment unless "he reasonably believed at the moment he fired at [Morales] that [Morales] posed a significant threat of death or serious physical harm" to Cote or the other officers, *see id.* at 764. That question, concerning Cote's reasonable belief at the time of the shooting, is the very one with respect to which the district court found genuine disputes of material fact.

Cote does not contest that this is the proper question. He argues instead that *Cowan* is factually distinguishable. But although Cote purports to base his argument on Morales's version of the facts, so as to allow for interlocutory review, "his brief on appeal is replete with his own version of events." *See id.* at 762 (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003)). For instance, Cote insists that Morales attempted to flee "at a high rate of speed, in close proxim[ity] to Cote and other officers" and that "Morales may have struck Officer Medina as the Honda sped away." Appellant's Br. at 16, 18; *see also id.* at 27–28 ("[T]he law was not clearly established at the time of Cote's discharge[] that he could not shoot at a vehicle which was attempting to flee at a high rate of speed in a small confined area where individuals are close by."). Both of these "facts" were disputed, and even Cote was unable to testify as to the exact location of Officer Medina during the incident. We therefore lack jurisdiction to review Cote's "clearly established" challenge.

In ruling as we have, we express no opinion as to the proper resolution of the disputed facts here or whether Cote will ultimately be entitled to qualified immunity based on a jury's determination of these facts.

4

We have considered Cote's remaining arguments and find them to be without merit.  The appeal from the order of the district court is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court